# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| NELSON RODRIGUEZ | NOS. 11-251-01 and 12-486 |

## O R D E R

**AND NOW**, this 12th day of February, 2021, upon consideration of Defendant's *Pro Se* Emergency Motion Pursuant to the Cares Act under 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release due to the Outbreak of Covid-19 (Document No. 679, filed May 13, 2020),[1] Defendant's *Pro Se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 685, filed June 22, 2020); Defendant's Emergency Motion to Amend (Document No. 681, filed May 20, 2020); Government's Response in Opposition to Defendant's Motion Under 28 U.S.C. § 2255 (Document No. 694, filed July 17, 2020); Nelson Rodriguez's (Petitioner) Reply to Government's Opposition to Defendant's Motion Under 28 U.S.C. § 2255 (Document No. 703, filed August 5, 2020); Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Document No. 709, filed August 24, 2020); Government's Response in Opposition to Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Document No. 714, filed September 8, 2020); Defendant's Successive Emergency Motion for Compassionate Release, Pursuant to Title 18, United States Code, Section 3582(c)(1)(A) ("First Step Act"), and for the Appointment of CJA Counsel, Pursuant to 18 U.S.C. 3006A (Document No. 722, filed November 6, 2020); Defendant's Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Document No. 723, filed November 12, 2020); Government's

---

[1] The ECF Document Numbers provided in this Order correspond to Criminal Action No. 11-251-01.

Response in Opposition to Defendant's Supplemental Motions for Compassionate Release (Document No. 724, filed November 13, 2020); Defendant's Declaration in Support of Emergency Motion for Compassionate Release, Brought Pursuant to 18 U.S.C. [§] 3582(c)(1)(A) I (Document No. 725, filed November 13, 2020); Government's Supplemental Response in Opposition to Defendant's Supplemental Motions for Compassionate Release I (Document No. 729, filed November 19, 2020); Defendant's Letter Re: Emergency Motion – Compassionate Release (Document No. 730, filed November 21, 2020); Government's Supplemental Response in Opposition to Defendant's Supplemental Motions for Compassionate Release II (Document No. 734, filed December 4, 2020); Defendant's Declaration in Support of Emergency Motion for Compassionate Release, Brought Pursuant to 18 U.S.C. [§] 3582(c)(1)(A) II (Document No. 735, filed December 7, 2020); Defendant's Update/Notice of Worsening Conditions at FCI Fort Dix and Need for Immediate Action to Protect Human Lives (Document No. 738, filed January 5, 2021); Government's Fourth Supplemental response in Opposition to Defendant's Motions for Compassionate Release (Document No. 747, filed January 17, 2021); Defendant's Reply to Government's January 17, 2021 Response (Document No. 748, filed January 19, 2021), for the reasons stated in the Memorandum dated February 12, 2021, **IT IS ORDERED** as follows:

1. Defendant's Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Document Nos. 679, 681, 709, 722, 723, 725, 730, 735, 738, and 748) is **DENIED.**

2. Defendant's *Pro Se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 685) is **DISMISSED** and **DENIED** to the extent defendant claims his plea agreement is unlawful in light of *Rehaif*

*v. United States*, 139 S. Ct. 2191, 2194 (2019).

3. Defendant's *Pro Se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 685) is **DISMISSED** as untimely to the extent defendant claims 18 U.S.C. § 922(g) violates the Second Amendment.

4. Defendant's claim that his sentence enhancement under 21 U.S.C. §§ 841 and 851 is unlawful, treated by the Court as raised under Defendant's *Pro Se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, is **DISMISSED** as untimely.

5. A certificate of appealability will not issue because reasonable jurists would not debate whether Defendant's *Pro Se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural ruling with respect to defendant's claims.  *See* 28 U.S.C. § 2253(c)(2); *Morris v. Horn*, 187 F.3d 333, 340 (3d Cir.1999) *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                              **BY THE COURT:**

                                              /s/ Hon. Jan E. DuBois

                                                **DuBOIS, JAN E., J.**